IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1552-07






DAVID MALDONADO, Appellee



v.



THE STATE OF TEXAS





ON APPELLEE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE THIRTEENTH COURT OF APPEALS


NUECES COUNTY





 Johnson, J., filed a concurring opinion.


O P I N I O N 



 Because nothing in the Sixth Amendment prevents a represented defendant from voluntarily
incriminating himself, I concur in the judgment of the Court. Represented defendants can, and often
do, choose to give statements to law enforcement officers despite the advice of an attorney to remain
silent. However, the opinion of the Court should not be taken as a license for the state, in whatever
guise, to willfully remain ignorant of whether a defendant has counsel. The better practice would
be for the law enforcement officer who desires to interview a suspect who is in custody to make at
least a minimal inquiry as to whether the jailed suspect is represented by counsel. This could be
accomplished by contacting the agency that tracks court appointments to see if the suspect has court-appointed counsel and checking jail records for information on retained representation.


Filed: June 4, 2008

Publish